J-S18026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| ANTONIO D. FERGUSON | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA LINK, WARDEN STATE | : | |
| CORRECTIONAL INSTITUTE AT | : | |
| GRATERFORD | : | No. 1279 WDA 2017 |

Appeal from the Order August 14, 2017
in the Court of Common Pleas of Erie County,
Civil Division at No(s):  13014-2017

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                    FILED JUNE 15, 2018

Antonio D. Ferguson ("Ferguson"), pro se, appeals from the Order

denying his Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA").[1, 2]  We affirm.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Ferguson filed a pro se Request for Writ of Habeas Corpus.  However, the
PCRA subsumes the remedies provided by the writ of habeas corpus.
Commonwealth v. Turner, 80 A.3d 754, 770 (Pa. 2013).  Thus, if an issue
is cognizable under the PCRA, that issue "must be raised in a timely PCRA
petition and cannot be raised in a habeas corpus petition."  Commonwealth
v. Taylor, 65 A.3d 462, 466 (Pa. Super. 2013).  Ferguson's claims of
ineffective assistance of counsel and a challenge to the legality of his sentence
are cognizable under the PCRA.  See 42 Pa.C.S.A. § 9543(a)(2)(ii) (relating
to ineffective assistance of counsel), (viii) (relating to a proceeding in a
tribunal without jurisdiction).

In a prior appeal, this Court described the relevant history of this case as follows:

On December 22, 2003, Ferguson was arrested in Erie County and charged with a series of burglaries and related crimes....

In 2004, a jury found Ferguson guilty of burglary, theft and receiving stolen property at No. 1279-2004, and multiple offenses at Nos. 1280 through 1285-2004. The charges at No. 1810-2004 were nolle prossed.

On January 22, 2005, the trial court sentenced Ferguson ... Ferguson's total sentence on all bills of information totaled 24-76 years' imprisonment ....

Ferguson filed a timely direct appeal, and this Court affirmed his judgment of sentence on December 12, 2005. On August 31, 2006, our Supreme Court denied Ferguson's [P]etition for allowance of appeal. [See Commonwealth v. Ferguson, 894 A.2d 816 (Pa. Super. 2005), appeal denied 906 A.2d 539 (Pa. 2006).]

Commonwealth v. Ferguson, 159 A.3d 576 (Pa. Super. 2016) (unpublished memorandum at 1-3) (citation added). Ferguson subsequently filed four PCRA Petitions, all of which were denied.

Ferguson filed the instant pro se PCRA Petition, his fifth, on August 14, 2017. In his Petition, Ferguson challenged his sentence at No. 1279-2004 as "illegal and unconstitutional." PCRA Petition, 8/14/17, at 1. Ferguson claimed that the tribunal was without jurisdiction, and that all prior counsel rendered ineffective assistance. See id. at 4, 19, 28. Ferguson also claimed newly discovered facts, i.e., that the officer who had obtained his confession had a propensity for violence. Id. at 19.

After appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court denied Ferguson's Petition without a hearing. Thereafter, Ferguson filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Ferguson presents the following claims for our review:

I.     Had the court committed an error of law when it summarily denied [Ferguson's Petition]?

II.    Had the [c]ourt violated Article I, Section 14 of the Pennsylvania Constitution by failing to follow the procedures set forth by 42 Pa.C.S.[A. §] 6504[?]

III.   Had the lack of access to documents prevented [Ferguson] from perfecting his current appeal and/or this Court from reviewing [Ferguson's] underlying claims?

IV.   Had the court committed an error of law when it sentenced [Ferguson] without having jurisdiction?

Brief for Appellant at 4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Montalvo, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

The PCRA court denied Ferguson relief based upon the lack of merit to his substantive issues. See PCRA Court Opinion, 10/25/17, at 1-2. The PCRA court did not address whether Ferguson timely filed his PCRA Petition, which implicates the PCRA court's jurisdiction. See Commonwealth v. Abu-Jamal, 833 A.2d 719, 723-24 (Pa. 2003) (recognizing that the PCRA's one-

year time limitation is jurisdictional, and the court has no power to address the substantive merits of an untimely petition).

Any PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. Id. § 9545(b)(3).

Here, the Pennsylvania Supreme Court denied allowance of appeal of Ferguson's direct appeal on August 9, 2006. Ferguson's judgment of sentence became final 90 days thereafter, when the time period for seeking certiorari to the United States Supreme Court expired. See 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13 (providing that a petition for certiorari must be filed within 90 days after entry of judgment). Thus, Ferguson's PCRA Petition, filed on August 14, 2017, is facially untimely.

The jurisdictional time bar can be overcome only by satisfying one of the three statutory exceptions codified at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Commonwealth v. Spotz, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are for interference by a government official, newly discovered facts, and a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The PCRA petitioner bears the burden of proving the

applicability of one of the exceptions. Commonwealth v. Edmiston, 65 A.3d 339, 346 (Pa. 2013).

Ferguson's PCRA Petition appears to invoke only the first exception to the PCRA timeliness requirements: discovery of the violent propensities of the officer who had obtained his confession. See PCRA Petition, 8/14/17, at 19. In support, Ferguson attached to his Petition internet news articles dated August 5, 2006, December 28, 2006, and March 10, 2007. Id., Exhibit "D." However, as our Supreme Court held in Commonwealth v. Burton, 158 A.3d 618 (Pa. 2017), "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to pro se prisoner petitioners." Id. at 638 (emphasis in original).

Nevertheless, our review discloses that the articles included in Ferguson's Exhibit reflect an internet access date of December 18, 2015. PCRA Petition, 8/14/17, Exhibit "D." Ferguson did not file the within PCRA Petition within 60 days of the date he accessed the articles. Because Ferguson did not file the instant Petition within 60 days of the date upon which this claim could have been presented, he cannot overcome the PCRA's jurisdictional time bar. See 42 Pa.C.S.A. § 9545(b)(2).

Accordingly, we affirm the PCRA court's denial of relief, albeit on different grounds.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/15/2018

_____

[3] "It is well-settled that this Court may affirm on any basis." Commonwealth v. Clouser, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).